UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY H. FLEMING, individually,
and as Representative of a Class
of Participants and Beneficiaries
of the Kellogg Company Savings &
Investment Plan,

        Plaintiff,                            Case No: 1:22-cv-00593-JMB-RSK

        v.

KELLOGG COMPANY, et al.

        Defendants

## PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT
## PURSUANT TO FED. R. CIV. P. 59(E)

Plaintiff, Bradley H. Fleming, by and through his counsel, Walcheske & Luzi, LLC, and Haney

Law Offices, P.C., pursuant to FED. R. CIV. P. 59(e), respectfully moves this Court to alter or amend its

final judgement in this action, to clarify the authority the Court believes the arbitrator has to award Plan-

wide relief to Plaintiff under ERISA Sections 409 and 502(a)(2), 29 U.S.C. 1109(a), 1132. Such

clarification of the final judgment with regard to the relief available to Plaintiff in arbitration will assist

Plaintiff in deciding whether to arbitrate his claims or whether to appeal the final judgment as inconsistent

with the U.S. Supreme Court's effective vindication exception under *Am. Express Co. v. Italian Colors

Restaurant*, 570 U.S. 228, 235 (2013).

On April 27, 2023, the parties held oral argument before the Court on Defendants' motion to

dismiss, which included a request to compel arbitration based on one of two arbitration provisions in the

Kellogg Company Savings & Investment Plan (the "Plan"). *See* Oral Argument Transcript, Motion to

Dismiss. PageID.1125, ECF No. 42. The Court instructed the parties to focus their argument on the arbitration provisions. PageID.1130, *id.* at 6. Plaintiff argued that under the effective vindication exception to arbitration, the Plan's 2020 and 2021 arbitration provisions did not permit Plaintiff to obtain Plan-wide relief because those provisions forced Plaintiff to arbitrate on an individual basis for individual relief, rather than on a representative basis to obtain Plan-wide relief. PageID.1142-1143, 1150-1152, *id.* at 18-19, 26-28. Plaintiff expressly requested in his Amended Complaint Plan-wide relief in the form of "[a]n Order compelling the Defendants to make good to the Plan all losses to the Plan resulting from Defendants' breaches of fiduciary duty, including restoring to the Plan all losses resulting from paying unreasonable RKA costs, restoring to the Plan all profits the Defendants made through use of the Plan's assets, and restoring to the Plan all profits which the Participants would have made if the Defendants had fulfilled their fiduciary obligation." PageID.878, ECF No. 15, ¶ D.

Plaintiff based his argument on the Seventh Circuit decision in *Smith v. Bd. of Dirs. of Triad Mfg., Inc.*, 13 F.4th 613 (7th Cir. 2021), and the Tenth Circuit decision in *Harrison v. Envision Management Holding Inc. Bd. of Directors*, 59 F.4th 1090 (10th Cir. 2023)*, in which those courts held arbitration provisions unenforceable because those agreements operated as a prospective waiver of a party's right to pursue statutory remedies. *Triad*, 13 F.4th at 623; *Harrison*, 59 F.4th at 1112. "All this is to say that the plain text of § 1109(a) [ERISA Section 409(a)] and the terms of the arbitration provision cannot be reconciled: what the statute permits, the plan precludes." *See Triad*, 13 F.4th at 621. Plaintiff argued that requiring him to arbitrate his claims on an individual basis for only individual relief would preclude him from obtaining the Plan-wide, statutory remedies contemplated under ERISA Sections 409(a) and 502(a)(2), and therefore, arbitration was precluded under the effective vindication exception. PageID.1150, ECF No. 42, at 26 ("I would argue . . . that that provided clause, that the arbitrator may award any relief otherwise available under ERISA, is constrained by the previous two sentences; that any claim can only be brought on an individual basis and that you're not allowed to bring this on a class collective or representative basis.").

After hearing argument, the Court read its opinion and Order from the bench, granting the motion to dismiss and requiring Plaintiff to arbitrate his representative ERISA claims for breach of fiduciary duty under ERISA Section 502(a)(2), 29 U.S.C. § 1132(a)(2). ECF No. 42, at 48-49. In coming to this conclusion, the Court stated that the 2021 arbitration provisions in the Plan were applicable, and that the dispositive language was:

> The arbitrator shall have no authority to arbitrate any claim on a class or a representative basis and *may award relief only on an individual basis; provided, however, that the arbitrator may award any relief otherwise available under ERISA.*

Oral Argument, Motion to Dismiss (ECF No. 42), at 44 (emphasis added).

In explaining that the arbitration clause was enforceable against Plaintiff's breach of fiduciary claim brought in a representative capacity on behalf of the Plan as a whole under Sections 409(a) and 502(a)(2), *id.*, at 45, the Court stated that "[w]hile Mr. Fleming seeks the same result here as the Seventh Circuit reached in *Triad*, the problem that the Seventh Circuit identified in *Triad* is not present in this case. Again, the Kellogg arbitration provision amended in 2021 specifically provides that the arbitrator may award *any relief otherwise available under ERISA.*" ECF No. 42, at 48 (emphasis added). The Court entered its Order and Judgment dismissing Plaintiff's claims on April 27, 2023. ECF Nos. 40, 41.

Plaintiff now requests clarification from the Court concerning that phrase "any relief otherwise available under ERISA" and whether the arbitrator may award all of the Plan-wide relief that a federal court can award under ERISA Sections 409(a) and 502(a)(2). In particular, Plaintiff asks the Court to clarify whether the arbitrator is authorized to award the specific Plan-wide relief sought in Plaintiff's complaint: (1) restoration of all losses to the Plan resulting from Defendants' breaches of fiduciary duty, including all losses resulting from paying unreasonable RKA costs and all profits which the Participants would have made if the Defendants had fulfilled their fiduciary obligation; and (2) disgorgement to the Plan of all profits the Defendants made through use of the Plan's assets. PageID.878, ECF No. 15, ¶ D.

If this Court's ruling is that the applicable Kellogg arbitration provision authorizes the arbitrator to award these Plan-wide remedies, Plaintiff will arbitrate his claims. On the other hand, if the Court has

concluded that these remedies are not available, then Plaintiff believes the Court's judgment would be inconsistent with the effective vindication exception as elucidated in *Triad* and *Harrison*, and will seek an appeal of the final judgment. Plaintiff accordingly asks the Court to amend or alter its judgment to clarify whether Plaintiff may be awarded Plan-wide remedies in arbitration even though he will be proceeding on an individual basis.

WHEREFORE, Plaintiff respectfully requests that the Court vacate its final judgment of April 27, 2023, and alter or amend that judgment to state that the arbitrator is authorized to award the Plan-wide relief sought by Plaintiff in his Amended Complaint, even though proceeding on an individual basis or, alternatively, to identify the requested Plan-wide remedies that the arbitrator is not authorized to award.

Dated this 12th day of May, 2023          Respectfully submitted,

*s/ Paul M. Secunda*
Paul M. Secunda
**WALCHESKE & LUZI, LLC**
235 Executive Dr., Suite 240 Brookfield,
Wisconsin 53005
Telephone: (262) 780-1953
E-Mail: psecunda@walcheskeluzi.com

Troy W. Haney
**HANEY LAW FIRM, P.C.**
330 E. Fulton
Grand Rapids, MI 49503
Telephone: (616) 235-2300
Fax: (616) 459-0137
E-Mail: thaney@troyhaneylaw.com

*Attorneys for Plaintiff and Proposed Class*